UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDEN LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. MARSHALS SERVICE, *et al.*,<br><br>Defendants. | 26-CV-8720 (RA)<br><br><u>VALENTIN ORDER</u> |

RONNIE ABRAMS, United States District Judge:

Plaintiff Branden Lewis, who is currently incarcerated in the Pennsylvania State Correctional Institution in Camp Hill, Pennsylvania, brings this *pro se* action against the United States Marshals Service ("USMS") and unidentified "John Doe" Defendants who are alleged to be individual members of the USMS and of the New York City Police Department ("NYPD").[1] The Court construes the Complaint as asserting: (1) claims of assault and battery under the Federal Tort Claims Act ("FTCA") against the USMS; (2) claims of excessive force and, perhaps, illegal entry under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against individual members of the USMS; (3) claims of excessive force and, perhaps, illegal entry under 42 U.S.C. § 1983 against individual members of the NYPD; and (4) comparable claims under state law, including claims against both individual members of the USMS and NYPD under the New York State Bivens Act.

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York while he was held in the Chester County Prison, located in West Chester, Pennsylvania. By order September 24, 2026, the Eastern District of New York transferred this action to this Court. *See Lewis v. USMS*, 26-CV-4804 (E.D.N.Y. Sept. 24, 2026).

On October 5, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, leave to proceed *in forma pauperis* ("IFP").[2] For the reasons set forth below, the Court dismisses Plaintiff's claims against the USMS for lack of subject matter jurisdiction under the doctrine of sovereign immunity. The Court grants Plaintiff leave to replead his claims under FTCA. The Court also directs the United States Attorney for the Southern District of New York and the Corporation Counsel of the City of New York to provide Plaintiff and the Court with the identities, service addresses, and, if appropriate, badge numbers of the unidentified "John Doe" Defendants.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### I. Claims against the USMS

The Court must dismiss Plaintiff's claims against the USMS under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including against federal agencies, such as the USMS, except where sovereign immunity has been waived. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").[3] Plaintiff does not allege anything to suggest that the doctrine of sovereign immunity has been waived with regard to damages claims brought against the USMS. *See Jelen v. USMS*, No. 18-CV-680, 2020 WL 1503566, at *3 (S.D.N.Y. Mar. 30, 2020) (dismissing a plaintiff's claims for damages under the FTCA against the USMS under the doctrine of sovereign immunity). The Court therefore dismisses Plaintiff's claims against the USMS under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal . . . agencies." *Holliday v. Augustine*, No. 14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015); *see Jelen*, 2020 WL 1503566, at *3.

A plaintiff must also comply with the FTCA's procedural requirements before a federal court can entertain his FTCA claims. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before

---

[3] Unless otherwise noted, case quotations omit all citations, quotation marks, alterations, and footnotes.

bringing a claim for damages in a federal district court under the FTCA, a claimant must first exhaust their administrative remedies by filing a claim for damages with the appropriate federal government entity and must generally receive a final written determination. *See* 28 U.S.C. § 2675(a). A claimant may thereafter challenge the Government's final administrative determination as to his FTCA claim in a federal district court by filing an action within six months after the date of the mailing of the notice of the final administrative determination by the federal government entity. *See* 28 U.S.C. § 2401(b). If no written final administrative determination is made by the appropriate federal government entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See id.* § 2675(a). This exhaustion requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

To the extent that the Complaint can be construed as asserting FTCA claims against the United States, Plaintiff does not allege anything to suggest that he exhausted the abovementioned administrative remedies before bringing this action. The Court therefore also dismisses such claims for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his FTCA claims in an amended complaint in which he names the United States as a defendant and in which he alleges facts showing that he has exhausted the abovementioned administrative remedies.

**II. Unidentified Defendants**

Although, absent a waiver, "sovereign immunity shields the Federal Government and its agencies from suit" it "does not . . . shield federal officials sued in their individual capacities." *Tanvir v. Tanzin*, 894 F.3d 449, 459 (2d Cir. 2018). Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant and that

defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff supplies sufficient information to permit the USMS and the NYPD to identify the unidentified "John Doe" Defendants; they are those members of the USMS and the NYPD who, on July 9, 2025, entered Apartment 102 at 990 Bronx Park South, in the Bronx, New York, and were present for Plaintiff's arrest in that apartment, including those from the USMS and NYPD responsible for executing a Pennsylvania state warrant there. It is therefore ordered that the United States Attorney for the Southern District of New York, who is the attorney for and agent of the USMS, and the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, must ascertain the identities, service addresses, and, if appropriate, badge numbers of those unidentified "John Doe" Defendants whom Plaintiff seeks to sue here. The United States Attorney and the Corporation Counsel must provide this information to Plaintiff and the Court within 60 days of the date of this order.[4]

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as defendants and providing their service addresses and, if appropriate, badge numbers. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified USMS defendants and requesting that the newly identified NYPD Defendants waiver service of summonses.

---

[4] If any of the unidentified "John Doe" Defendants are current or former NYPD employees or officials, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service at a NYPD facility. If any unidentified "John Doe" Defendant is not a current or former NYPD employee or official, but otherwise works or worked at a NYPD facility, the Corporation Counsel must provide an address where that individual may be served.

### III. City Bar Justice Center

Plaintiff is further advised that, if he seeks legal assistance, he may consult with the City Bar Justice Center's clinic for *pro se* litigants. This clinic, which is neither part of nor run by the Court, assists pro se litigants with federal civil cases. An informational flyer and a limited-scope legal-assistance retainer agreement are attached to this Order.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's claims against the USMS. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3). The Court directs the Clerk of Court to terminate the USMS from the caption of this action.

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package. ***The Court specifically directs the Clerk of Court to list the court's Pennsylvania Department of Corrections Control Number on the envelope delivering a copy of this order and of the information package to Plaintiff at his currently facility.***

The Court further directs the Clerk of Court to mail a copy of this order and of the complaint to: (1) Office of the United States Attorney for the Southern District of New York, Civil Division, 86 Chambers Street, 3rd Floor, New York, New York 10007; and (2) Office of the Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007.

The Clerk of Court is respectfully directed to mail a copy of this order to any self-represented party who has not consented to e-service or who has not been granted e-filing privileges.

SO ORDERED.

Dated: November 9, 2026
New York, New York

RONNIE ABRAMS
United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**

Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including mediation)

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

# LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

## I. LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.
- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.
- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.
- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.
- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.
- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV. COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V. CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI. REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

______________________________ ____________________
Signature Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

CITY BAR JUSTICE CENTER

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: ______________________________ Date of Birth: __________________________

Facility: ______________________________ Identification #_________________________

**How did you hear about our clinic? (circle one)**

| | | |
|---|---|---|
| Pro Se Intake Office | Website | Conference/Hearing with the Judge |
| Pro Se Information Package | Friend/Family | Order/Letter from the Judge |

Other: ____________________________________________________________

**Do you already have an open case with the federal court? (circle one)** Yes No

**If yes, what is your case number?** ________________________________________

**If yes, which courthouse is it in? (circle one)** Manhattan White Plains

**Ethnicity? (circle one)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| Black | Middle Eastern | Decline to answer |
| African | Caribbean | Other:________________ |
| Native American | South Asian | |

**Gender?** ____________________________________________________

**Education level? (circle one)**

| | | |
|---|---|---|
| 8th grade or less | GED | 2-4 years of college/vocational school |
| Some high school | College graduate | Decline to answer |
| High school graduate | Graduate degree | |

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

CITY BAR JUSTICE CENTER

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

| | | |
|---|---|---|
| U.S. citizen (born in U.S.) | Naturalized U.S. citizen (Born in:________________) | Legal Permanent Resident |
| No lawful status | Decline to answer | Other:__________________ |

**Marital status? (circle one)**

| | |
|---|---|
| Single | Married |
| Divorced | Separated |
| Widowed | Decline to answer |

**Do you have a disability? (circle all that apply)**

| | | |
|---|---|---|
| No | Mental health | Vision |
| Hearing | Mobility | Memory |
| Homebound | Decline to answer | Other:__________________ |

**What is your primary language?** ____________________________________________

**LGBTQ+? (circle one)** Yes No Decline to answer

**Veteran?** ______________________________________________

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**